[Cite as *State ex rel. Ware v. Bratton*, 2021-Ohio-3157.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Kimani Ware,          :

     Relator,          :

                                No. 20AP-347

v.          :

                         (REGULAR CALENDAR)

Marc Bratton, [Assistant] Chief Inspector,          :
The Office of the Chief Inspector et al.,

                         :

     Respondents.

                         :

---

D E C I S I O N

Rendered on September 14, 2021

---

**On brief:** *Kimani Ware*, pro se.

**On brief:** *Dave Yost*, Attorney General, and *Tracy L. Bradford*, for respondents.

---

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, P.J.

{¶ 1} Relator, Kimani Ware, has filed an original action in mandamus seeking a writ ordering respondents, Marc Bratton ("Bratton"), assistant chief inspector of the Ohio Department of Rehabilitation and Correction ("ODRC"), and The Office of the Chief Inspector, to comply with his public records request made pursuant to R.C. 149.43.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court grant respondents' motion to dismiss, and deny relator's motions for summary judgment and for default judgment.

{¶ 3} The magistrate determined that relator had not complied with R.C. 2969.26(A), which provides that, if an inmate files a civil action that relates to a matter that "is subject to the grievance system" for the institution in which the inmate is confined, then the inmate must file the following: "(1) [a]n affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance," and "(2) [a] copy of any written decision regarding the grievance from the grievance system." The magistrate looked to Ohio Adm.Code 5120-9-31 which states:

> (A) The department of rehabilitation and correction (DRC) shall provide inmates with access to an inmate grievance procedure. This procedure is designed to address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant. This may include complaints regarding the application of policies, procedures, conditions of confinement, or the actions of institutional staff.

The magistrate concluded that *State ex rel. Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-90, 2012-Ohio-1070, held that the affidavit requirements of R.C. 2969.26(A) apply to inmate mandamus actions seeking enforcement of a public records request. Therefore, pursuant to *Moore*, as relator did not file an R.C. 2969.26(A) affidavit, the magistrate recommends this court grant respondents' motion to dismiss and deny relator's motions for summary judgment and for default judgment.

{¶ 4} Relator has filed the following two objections to the magistrate's decision:

> [I.] The magistrate claims on pages 2-3, that Relator is subject to R.C. 2969.26(A), and 5120-9-31, which is not true, let this asurm that Relator is subject to 5120-9-31, Relator fulfilled it, Relator point this court to Exhibit A, attached to Relator's complaint filed on July 10, 2020 in this court. Relator, Directed his public Record Request to Respondents office on December 15, 2020 by electronic submission, therefore the magistrate mis-applied Relator's complaint to 2969.26(A) and State ex rel. Moore V. ODRC, 10th Dis. no. 11-AP-70, 2012-ohio-1070, Relator's case is not the same as Moore, relator request this court reject the magistrate claims, and Decision; The magistrate made known that there is no effective grievance procedure in the institution to enforce a public Record Request made to a public office.
>
> [II.] Relator object to the magistrate decision relaying on moore case law, this case do not apply to relator's case, Request the court to overrule this, it's old and out dated and this court

take Judicial notice and overrule Moor V. ODRC, which can never apply to relator's case.

(Sic passim.)

{¶ 5} As the magistrate points out, *Moore* states:

In his objections to the magistrate's decision, relator contends that the grievance process does not or should not apply to public records requests. Relator cites no support for this proposition, nor have we found any. Ohio Adm.Code 5120-9-31(A) provides a grievance procedure "to address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant." We agree with the magistrate that an inmate's request for records concerning an institutional program for inmates falls within the realm of such complaints.

R.C. 2969.26(A) applies expressly to any "civil action" filed by an inmate concerning a matter that is subject to a grievance procedure. An original action in mandamus is a civil action; therefore, R.C. 2969.26(A) applies to this action. Relator's failure to comply with the mandatory provisions of R.C. 2969.26(A) is grounds for dismissal. *Hamilton v. Wilkinson*, 10th Dist. No. 04AP-502, 2004-Ohio-6982, ¶ 12. Therefore, we overrule relator's objections.

*Id.* at ¶ 5-6.

{¶ 6} The holding in *Moore* is narrow. To be clear, the holding in *Moore* does not apply to every inmate request for ODRC records. The pertinent facts of *Moore* were: (1) the public records request related to an "institutional program for inmates," and (2) the request was directed to an ODRC employee in the London Correctional Institution, where the relator was housed as an inmate, rather than to a staff member at the ODRC central office. In *Moore*, the magistrate quoted the affidavit of Paul Shoemaker, then the assistant chief inspector in the ODRC office of the chief inspector, who averred:

* * * Thus, a complaint about a staff member at ODRC's central office is *not* subject to the grievance process. This would include a complaint alleging that the Director of ODRC denied a public records request. Such a complaint would concern non-institutional staff (and therefore would not be about institutional life), and it would be subject to a final decision by central office staff.

> \* \* \* By contrast, a complaint that an institutional staff member denied a public records request is subject to the grievance process.

(Emphasis added.) *Id.*, quoting attached Moore Mag. Decision at Finding of Fact 10, Shoemaker affidavit.

{¶ 7} Here, while it could be said that relator's request for the calorie count for all meals served to inmates at Trumbull Correctional Institution ("TCI") related to an aspect of institutional life that directly and personally affects the grievant, it is not clear that relator's request was sent to an ODRC employee at TCI where relator was housed as an inmate at the time of filing his complaint. On his complaint, relator listed Bratton's title as "Chief Inspector"[1] in the "Office of the Chief Inspector" and Bratton's office address as "4545 FISHER ROAD, SUITE D[,] COLUMBUS, OHIO, 43228." Both Bratton's title and address suggest that he is an ODRC employee at ODRC's central office, rather than at TCI. The averment of Shoemaker, highlighted above from *Moore*, states that "a complaint about a staff member at ODRC's central office is not subject to the grievance process." Thus, if Bratton is a staff member at ODRC's central office, the narrow holding in *Moore* would not apply.

{¶ 8} In the motion to dismiss, respondents also argued that a careful reading of Ohio Adm.Code 5120-9-31 reveals that if a type of complaint is not specifically excluded in Ohio Adm.Code 5120-9-31(B), then the subject matter of that complaint is included and therefore is subject to the grievance process. Respondents points to no authority in support of this argument. However, it appears respondents may be referring to the last sentence of Ohio Adm.Code 5120-9-31(B). Ohio Adm.Code 5120-9-31 states, in relevant part:

> (B) The inmate grievance procedure will not serve as an additional or substitute appeal process for hearing officer decisions, rules infraction board decisions or those issues or actions which already include a separate appeal mechanism beyond the institution level or those issues or actions where a separate administrative rule specifically indicates there is no appeal or where a final decision has been rendered by operation support center staff or a managing officer. Other matters that are not grievable include complaints related to

---

[1] Notwithstanding how relator has referred to Bratton in his complaint, we note the ODRC website lists Marc Bratton as the "Assistant Chief Inspector" in the Office of the Chief Inspector.

> legislative actions, the Ohio Revised Code, Administrative Code, ODRC policies, and decisions of the adult parole authority, judicial proceedings and sentencing or complaints whose subject matter is exclusively within the jurisdiction of the courts or other agencies. *Complaints which present allegations which fall, in part, within the scope of paragraph (A) of this rule and in part within this paragraph will be considered to the extent they are not excluded under this paragraph.*

(Emphasis added.)  Ohio Adm.Code 5120-9-31 (Lexis Advance through updates effective July 9, 2021).  Respondents argue "[c]learly, complaints about alleged improper denials of public records requests by *institutional staff* are not specifically excluded in Ohio Adm.Code 5120-9-31.  Because there is no independent appeal mechanism for such a complaint, they are subject to the grievance process outlined in Ohio Adm.Code 5120-9-31(J)."[2]  (Emphasis added.)  (Mot. to Dismiss at 8.)  As noted above, Bratton's title and address suggest that he is an ODRC employee at ODRC's central office, not ODRC institutional staff.  In addition, by relying on *Moore*, the magistrate did not consider this part of respondents' argument.

{¶ 9}  With this in mind, we sustain relator's second objection and do not adopt the magistrate's decision and recommendation to grant respondents' motion to dismiss and deny relator's motions for summary judgment and for default judgment, on grounds that "pursuant to *Moore*, the absence of an R.C. 2969.26(A) affidavit compels dismissal of this action."  (Appended Mag.'s Decision at ¶ 24.)  Our resolution of the second objection renders moot relator's first objection.

{¶ 10} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we do not find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore sustain relator's second objection to the magistrate's decision and render moot relator's first objection.  Accordingly, we remand this case to the magistrate with instructions to: (1) determine if respondent Bratton is institutional or central office ODRC staff, and (2) if respondent Bratton is ODRC staff, determine if respondents response to relator's public

---

[2] In *Moore*, the magistrate quoted the averment of affiant DeCarlo Blackwell, then the Institutional Inspector at the London Correctional Institution, stating his similar interpretation of Ohio Adm.Code 5120-9-31. *See* attached Moore Magistrate's Decision at Finding of Fact 10, Blackwell affidavit.

records request is excluded from the inmate grievance procedure pursuant to Ohio Adm.Code 5120-9-31(B). Upon making these determinations, the magistrate may reconsider respondents' motion to dismiss, deny relator's motion for summary judgment, and deny relator's motion for default judgment or determine the appropriate manner to proceed at that time.

*Objection sustained and objection rendered moot;*
*magistrate's decision vacated;*
*cause remanded to magistrate.*

BROWN and LUPER SCHUSTER, JJ., concur.

———————————

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kimani Ware, | : | |
| Relator, | : | |
| v. | : | No.  20AP-347 |
| Marc Bratton, Chief Inspector,<br>The Office of the Chief Inspector et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on February 10, 2021

*Kimani Ware,* pro se.

*Dave Yost,* Attorney General, *Tracy L. Bradford,* for respondents.

IN MANDAMUS
ON MOTIONS

{¶ 11}  Relator, Kimani Ware, brings this original action in mandamus seeking a writ ordering respondents, Marc Bratton, assistant chief inspector of the Ohio Department of Rehabilitation and Correction ("ODRC"), and The Office of the Chief Inspector (collectively "the inspector's office" or "respondents"), to comply with his public records request made pursuant to R.C. 149.43.  The matter is before the magistrate on respondents' motion to dismiss, relator's motion for default judgment, and relator's motion for summary judgment.

Findings of Fact:

{¶ 12} 1. Relator is an inmate who at the time of filing his complaint was incarcerated at ODRC's Trumbull Correctional Institution ("TCI").

{¶ 13} 2. Respondent Bratton is a public official as defined by R.C. 149.011(D), and The Office of the Chief Inspector is a public office as defined in R.C. 149.011(A).

{¶ 14} 3. Relator's complaint filed with this court on July 10, 2020 alleges that on December 15, 2019, relator made a public records request by electronic submission to respondents seeking records documenting the calorie count for all meals served to inmates at TCI.

{¶ 15} 4. Having received no response to his public records request, relator filed the present complaint in mandamus on July 10, 2020.

{¶ 16} 5. After the filing of the present complaint, respondents furnished on August 12, 2020 a response indicating there were no records specifically responsive to relator's request, but furnishing records providing the dietary guidelines for meals served at TCI, which include nutritional objectives and calorie, protein, fat, cholesterol, sodium, and calcium objectives for regular meals, medical snack bags, and prisoners undergoing specialized medical treatment. (Ex. B, Aug. 26, 2020 Rel's. Mot. for Summ. Jgmt.)

{¶ 17} 6. Respondent filed a motion to dismiss the action on August 12, 2020 for failure to state a claim and failure to comply with the inmate filing requirements of R.C. 2969.26(A).

{¶ 18} 7. Relator's complaint attaches an affidavit in compliance with R.C. 2969.25(A) listing relator's prior civil actions.

{¶ 19} 8. Relator's complaint does not attach an affidavit pursuant to R.C. 2969.26(A) verifying that relator has exhausted his administrative remedies before bringing this civil action.

Discussion and Conclusions of Law:

{¶ 20} R.C. 2969.26(A) provides as follows:

> (A) If an inmate commences a civil action or appeal against a government entity or employee and if the inmate's claim in the civil action or the inmate's claim in the civil action that is being appealed is subject to the grievance system for the state correctional institution, jail, workhouse, or violation sanction

center in which the inmate is confined, the inmate shall file both of the following with the court:

(1) An affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance.

(2) A copy of any written decision regarding the grievance from the grievance system.

{¶ 21} Ohio Administrative Code section 5120-9-31 provides inmate grievance procedures for ODRC. Section A of that regulation states: "This procedure is designed to address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant. This may include complaints regarding the application of policies, procedures, conditions of confinement, or the actions of institutional staff." Subsection B of that regulation further provides:

The inmate grievance procedure will not serve as an additional or substitute appeal process for hearing officer decisions, rules infraction board decisions or those issues or actions which already include a separate appeal mechanism beyond the institution level or those issues or actions where a separate administrative rule specifically indicates there is no appeal or where a final decision has been rendered by operation support center staff or a Managing Officer. Other matters that are not grievable include complaints related to legislative actions, the Ohio Revised Code, Administrative Code, ODRC policies, and decisions of the adult parole authority, judicial proceedings and sentencing or complaints whose subject matter is exclusively within the jurisdiction of the courts or other agencies. Complaints which present allegations which fall, in part, within the scope of paragraph (A) of this rule and in part within this paragraph will be considered to the extent they are not excluded under this paragraph.

Ohio Adm.Code 5120-9-31(B).

{¶ 22} In *State ex rel. Moore v. Ohio Dept. of Rehab. and Corr.,* 10th Dist. No. 11AP-90, 2012-Ohio-1070, this court held that the affidavit requirements of R.C. 2969.26(A) apply to a mandamus action seeking enforcement of a public records request where a grievance process applies to the request:

In his objections to the magistrate's decision, relator contends that the grievance process does not or should not apply to public records requests. Relator cites no support for this proposition, nor have we found any. Ohio Adm.Code 5120-9-31(A) provides a grievance procedure "to address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant." We agree with the magistrate that an inmate's request for records concerning an institutional program for inmates falls within the realm of such complaints.

R.C. 2969.26(A) applies expressly to any "civil action" filed by an inmate concerning a matter that is subject to a grievance procedure. An original action in mandamus is a civil action; therefore, R.C. 2969.26(A) applies to this action. Relator's failure to comply with the mandatory provisions of R.C. 2969.26(A) is grounds for dismissal. *Hamilton v. Wilkinson*, 10th Dist. No. 04AP-502, 2004 Ohio 6982, ¶ 12. Therefore, we overrule relator's objections.

*Id.* at ¶ 5-6.

{¶ 23} Relator correctly points out that R.C. 149.43(C)(1) specifies the remedies for parties seeking enforcement of a public records request: a mandamus action in the Court of Common Pleas, Court of Appeals, or Supreme Court of Ohio, or a complaint filed with the Clerk of Court of Claims. From this, relator concludes that public records requests are excluded from ODRC grievance procedures by the express language of Ohio Adm.Code 5120-9-31(B), excluding "complaints whose subject matter is exclusively within the jurisdiction of the courts." However, with the exception of the Court of Claims alternative, these judicial remedies in R.C. 149.43(C)(1) were already in place when this court decided *Moore*, and *Moore* remains the law of the district. Pursuant to *Moore*, when an inmate files a public records request that relates to any aspect of institutional life that directly and personally affects the grievant, the inmate must file an affidavit with the mandamus complaint stating that the grievance procedure has been exhausted. The magistrate notes that there may be no effective grievance procedure in the institution to enforce a public records request, but at the very least, *Moore* mandates that the inmate must submit an affidavit to that effect with his mandamus complaint.

{¶ 24} The magistrate therefore concludes that pursuant to *Moore*, the absence of an R.C. 2969.26(A) affidavit compels dismissal of this action. It is therefore the

magistrate's decision and recommendation that this court grant respondents' motion to dismiss, deny relator's motion for summary judgment, and deny relator's motion for default judgment.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).