[Cite as *State ex rel. Ware v. Rhodes*, 2024-Ohio-1754.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kimani E. Ware, | : | |
| Relator, | : | |
| | : | No. 22AP-59 |
| v. | : | (REGULAR CALENDAR) |
| Leanne Rhodes et al., | : | |
| Respondents. | : | |

---

D E C I S I O N

Rendered on May 7, 2024

---

**On brief:** *Kimani E. Ware*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Salvatore P. Messina*, and *Marcy A. Vonderwell*, for respondents.

---

IN MANDAMUS

DORRIAN, J.

{¶ 1} Relator, Kimani E. Ware, filed this original action in mandamus seeking a writ compelling respondents the Bureau of Sentence Computation ("Bureau") and Leanne Rhodes, an employee of the Bureau, to respond to his public records request. After Ware filed this action, the Bureau produced the records he requested. Although the Bureau's action rendered moot Ware's request for a writ compelling production of the records, Ware seeks statutory damages and court costs due to respondents' delay in responding to his public records request. Respondents assert Ware is barred from obtaining statutory damages because his public records request was vague and incomplete, and because Ware failed to comply with the filing requirements of R.C. 2969.26(A).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate issued the appended decision recommending this court deny Ware's motion for summary judgment on his statutory damages claim and grant respondents' motion for summary judgment. *State ex rel. Ware*

*v. Rhodes*, 10th Dist. No. 22AP-59, 2023-Ohio-2400, ¶ 2. The magistrate concluded that Ware's request failed to fairly describe the public record or class of public records to be disclosed. *Id.* at ¶ 10. The magistrate's decision did not address respondents' claim that Ware failed to comply with the requirements of R.C. 2969.26(A).

{¶ 3} Ware timely filed objections to the magistrate's decision. *Id.* at ¶ 11. After conducting an independent review of the magistrate's decision, this court concluded that Ware's public records request adequately identified the record he sought. *Id.* at ¶ 30. The court sustained Ware's objections to the magistrate's decision and remanded the case to the magistrate to consider respondents' argument that Ware failed to comply with the requirements of R.C. 2969.26(A). *Id.* at ¶ 31-33.

{¶ 4} The magistrate has now issued a decision on remand, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends denying respondents' motion for summary judgment because Ware's public records request was not subject to the grievance system and, therefore, the affidavit requirements of R.C. 2969.26(A) did not apply to Ware's mandamus claim. The magistrate further recommends granting in part and denying in part Ware's motion for summary judgment. The magistrate concludes Ware is entitled to $1,000 in statutory damages but is not entitled to court costs.

{¶ 5} No party has filed objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 6} No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, respondents' motion for summary judgment is denied and Ware's motion for summary judgment is granted in part and denied in part. Accordingly, the Bureau is ordered to pay Ware statutory damages in the amount of $1,000.

*Respondents' motion for summary judgment denied;*
*relator's motion for summary judgment granted in part*
*and denied in part, statutory damages awarded.*

JAMISON and BOGGS, JJ., concur.

_____

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kimani E. Ware, | : | |
| Relator, | : | |
| v. | : | No. 22AP-59 |
| Leanne Rhodes et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 29, 2024

*Kimani E. Ware*, pro se.

*Dave Yost,* Attorney General, *Marcy Vonderwell,* and *Salvatore Messina,* for respondents.

IN MANDAMUS
ON MOTIONS FOR SUMMARY JUDGMENT

{¶ 7}   Relator, Kimani E. Ware, has filed this original action requesting that this court issue a writ of mandamus ordering respondents, Leanne Rhodes ("Rhodes") and the Bureau of Sentence Computation ("bureau"), to respond to and process his public-records request. Relator filed a March 15, 2022, motion for summary judgment on his claim for statutory damages pursuant to R.C. 149.43(C)(2). Respondents also filed a November 8, 2022 motion for summary judgment. In a January 9, 2023, decision, the magistrate denied relator's motion for summary judgment and granted respondents' motion for summary judgment. Relator filed objections to the magistrate's decision, and in *State ex rel. Ware v.*

*Rhodes*, 10th Dist. No. 22AP-59, 2023-Ohio-2400 ("*Ware I*"), the 10th District Court of Appeals granted relator's objections and remanded the matter with instructions to evaluate respondents' alternative basis for seeking summary judgment in a manner consistent with the process set forth in *State ex rel. Ware v. Bratton*, 10th Dist. No. 20AP-347, 2021-Ohio-3157 ("*Bratton*"), and, upon making this determination, reconsider the parties' summary judgment motions or otherwise determine the appropriate manner to proceed at that time.

Findings of Fact:

{¶ 8}   1. Relator is an inmate incarcerated at Trumbull Correctional Institution, in Leavittsburg, Ohio.

{¶ 9}   2. The bureau is a governmental agency responsible for computing release dates for Ohio inmates.

{¶ 10}  3. Rhodes is an employee of the bureau.

{¶ 11}  4. On January 25, 2022, relator filed the instant mandamus action asking this court to respond to and process his public-records request. In his complaint, relator alleged the following: (1) on May 30, 2021, relator made the following public-records request to the bureau via electronic submission (using the prison's internal "kite" communication system): "I request a copy of journal entry from court of common pleas case no. 2003-11-3491"; and (2) on June 9, 2021, the bureau, through Rhodes, responded to the public-records request by indicating: "Entries have to be requested from the court."

{¶ 12}  5. On February 9, 2022, respondents provided relator with a copy of the requested records.

{¶ 13}  6. On February 25, 2022, respondents filed an answer, generally denying the substantive allegations raised in relator's complaint.

{¶ 14}  7. On March 11, 2022, relator filed a motion for default judgment pursuant to Civ.R. 55, arguing he was entitled to default judgment based upon relator's failure to file an answer to the complaint.

{¶ 15}  8. On March 15, 2022, relator filed a motion for summary judgment, acknowledging that his claim is now moot with regard to the production of the requested records but that he is entitled to statutory damages pursuant to R.C. 149.43(C)(2) because respondents only provided the requested records after he was forced to file his mandamus action, and respondents failed to make the public records available to him within a reasonable time.

{¶ 16} 9. On June 23, 2022, respondents filed a memorandum in opposition to relator's motion for default judgment and motion for leave to file a response to relator's motion for summary judgment out of time.

{¶ 17} 10. On July 7, 2022, relator filed a reply to respondents' motion for leave to file a response to relator's motion for summary judgment, requesting that the motion be denied.

{¶ 18} 11. On October 31, 2022, the magistrate issued an order denying relator's March 11, 2022, motion for default judgment; granting respondents' June 23, 2022, motion for leave to file a response to relator's motion for summary judgment out of time; and deferring ruling on relator's March 15, 2022, motion for summary judgment on his claim for statutory damages until respondents' response in opposition to relator's motion for summary judgment is submitted and relator has filed a reply in further support of his motion for summary judgment.

{¶ 19} 12. On November 8, 2022, respondents filed a motion for summary judgment.

{¶ 20} 13. On December 27, 2022, relator filed a reply to respondents' motion for summary judgment and motion for leave to file a late reply.

{¶ 21} 14. On January 9, 2023, the magistrate denied relator's motion for summary judgment and granted respondents' motion for summary judgment. Relator filed objections to the magistrate's decision, and in *Ware I*, the 10th District Court of Appeals granted relator's objections and remanded the matter to the magistrate with instructions to evaluate respondents' alternative basis for seeking summary judgment in a manner consistent with the process set forth in *Bratton*, and, upon making this determination, reconsider the parties' summary judgment motions or otherwise determine the appropriate manner to proceed at that time.

Conclusions of Law:

{¶ 22} The magistrate recommends that this court deny respondents' November 8, 2022, motion for summary judgment on the alternative basis that relator failed to comply with the mandatory filing requirements in R.C. 2969.26(A)(1) and (2), and grant, in part, relator's March 15, 2022, motion for summary judgment.

{¶ 23} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent

to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

**{¶ 24}** Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C).

**{¶ 25}** Under R.C. 149.43(B)(1), a public office is required to make copies of public records available to any person on request and within a reasonable period of time. A "public record" is a record "kept by any public office." R.C. 149.43(A)(1). A party who believes that his request for a public record has been improperly denied may file a mandamus action in order to compel production of the record. R.C. 149.43(C)(1)(b). *See State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6. The requester must establish by clear and convincing evidence a clear legal right to the records and a corresponding clear legal duty on the part of the respondent to provide them. *See State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, ¶ 10. When a public office withholds responsive records, it has the burden of showing that the records are statutorily exempted from disclosure. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, paragraph two of the syllabus. Exceptions to disclosure are strictly construed against the public office withholding the records. *Id.* If a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record must provide the requester with an explanation, including legal authority, setting forth why the request was denied. O.R.C. Ann. 149.43(B)(3).

**{¶ 26}** In the present case, respondents argue in their November 8, 2022, motion for summary judgment the following: (1) relator is not entitled to statutory damages because the request was vague and incomplete, contrary to the requirements in R.C. 149.43(C); and (2) relator has failed to satisfy the mandatory filing requirements under R.C. 2969.26 by failing to file an affidavit stating that a grievance and decision was filed, as well as a copy of the written decision. The court in *Ware I* rejected respondents' first ground

for summary judgment and remanded the matter to the magistrate to consider respondents' alternative ground for summary judgment.

**{¶ 27}** R.C. 2969.26 provides, in pertinent part, the following:

> (A) If an inmate commences a civil action or appeal against a government entity or employee and if the inmate's claim in the civil action or the inmate's claim in the civil action that is being appealed is subject to the grievance system for the state correctional institution, jail, workhouse, or violation sanction center in which the inmate is confined, the inmate shall file both of the following with the court:
>
> (1) An affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance.
>
> (2) A copy of any written decision regarding the grievance from the grievance system.

**{¶ 28}** In *Bratton*, this court found that the affidavit requirements in R.C. 2969.26(A) apply to inmate mandamus actions seeking enforcement of a public records request, citing *State ex rel. Moore v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-90, 2012-Ohio-1070. The court explained that Ohio Adm.Code 5120-9-31(A) provides that the grievance procedure addresses only inmate complaints related to aspects of institutional life that directly and personally affect the grievance. Thus, the court in *Bratton* found that the holding in *Moore* is narrow and does not apply to every inmate request for ODRC records. Pursuant to *Moore*, the public records request must relate to an institutional program for inmates, and the request must be directed to an ODRC employee at the correctional institution where the relator is housed as an inmate, rather than to staff members at the ODRC central office, who are not subject to the grievance process.

**{¶ 29}** In the present case, respondents argue that relator has not complied with R.C. 2969.26(A) because he has not filed an affidavit indicating he filed a grievance with his institution, and he has not filed any copies of such grievance or resulting decision. However, based upon *Bratton* and *Moore*, relator's public-records request was not subject to the grievance system. Relator's public-records request was for a journal entry from his criminal case and was directed to the bureau and an employee of the bureau. Thus, his public-records request did not relate to an institutional program for inmates and was not directed to an ODRC employee at the correctional institution where relator is housed as an inmate.

Therefore, the affidavit requirements in R.C. 2969.26(A) do not apply to relator's current mandamus action, and respondents' alternative ground for dismissal of relator's complaint is without merit. For this reason, the magistrate denies respondents' motion for summary judgment.

{¶ 30} Having denied respondents' motion for summary judgment, the magistrate must proceed to address relator's motion for summary judgment. Relator argues that he is entitled to summary judgment on statutory damages pursuant to R.C. 149.43(C)(2) based upon respondents' delay of 256 days in producing the requested records.

{¶ 31} R.C. 149.43(B)(1) provides that the public office must "promptly prepare" all records responsive to a public-records request within a "reasonable period of time." R.C. 149.43(C)(1) permits a party aggrieved by the failure of the public office to promptly prepare a public record to receive statutory damages under R.C. 149.43(C)(2) in the amount of one hundred dollars for each business day during which the public office failed to comply with the obligation under R.C. 149.43(B)(1), beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The phrase "reasonable period of time" is not defined in the statute, but the " ' "determination of what is 'reasonable' depends upon all the pertinent facts and circumstances." ' " *State ex rel. Stuart v. Greene*, 161 Ohio St.3d 11, 2020-Ohio-3685, ¶ 7, quoting *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, ¶ 16, quoting *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, ¶ 23. A court may reduce or not award statutory damages, however, if it determines both of the following: (1) based on the law as it existed at the time of the request, a well-informed person responsible for the requested public records would have reasonably believed that R.C. 149.43(B) did not require their disclosure; and (2) a well-informed person responsible for the requested public records would have reasonably believed that withholding the records would serve the public policy that underlies the authority asserted for withholding the records. R.C. 149.43(C)(2)(a) and (b).

{¶ 32} In the present case, relator made his public-records request by electronic submission on May 30, 2021. On June 9, 2021, the bureau denied relator's request and indicated that entries must be requested from the courts. On January 25, 2022, relator filed the instant mandamus action. On February 9, 2022, the bureau provided relator with a copy of the requested records. Thus, after the initial public-records request, the bureau

responded to relator's request within 10 days by denying the request but did not provide the requested record for 256 days, which was 12 days after relator filed the present mandamus action.

{¶ 33} Based upon all of the facts in this case, the magistrate finds that reasonable minds can only conclude that the bureau failed to promptly produce the public records requested by relator within a reasonable time, as contemplated by R.C. 149.43. The bureau did not produce the requested record for over 8 months after the original public records request and 12 days after relator filed his mandamus complaint. The bureau's only bases for denying relator's public-records request were rejected by this court in *Ware I*. This court found in *Ware I* that relator's request was not overly vague, the request fairly described the record sought, the bureau was not prevented from reasonably identifying the record sought, and the fact that the bureau eventually produced the record 12 days after relator filed his mandamus action demonstrated the bureau's claim of ambiguity was disingenuous. The bureau's initial misguided denial also did not provide any statutory basis or citation to legal authority to support the denial. Given these circumstances and the court's conclusions in *Ware I*, respondents could not have reasonably believed that disclosure of the public records was not required. Therefore, the magistrate finds respondents did not promptly prepare relator's public records within a "reasonable period of time," and he is entitled to received statutory damages under R.C. 149.43(C)(2) in the amount of $100 for each business day during which the public office failed to comply with the obligation under R.C. 149.43(B)(1), beginning with the day on which he filed his mandamus action to recover statutory damages, up to a maximum of $1,000. Twelve days elapsed from the day relator file his mandamus action until respondents produced the requested records. Accordingly, the magistrate finds relator is entitled to $1,000 in statutory damages, the maximum amount permitted under the statute.

{¶ 34} In his petition and brief, relator also seeks an award for court costs associated with bringing the present mandamus action. Under certain circumstances, a court may award court costs pursuant to R.C. 149.43(C)(3)(a)(ii). A court must award court costs to a requester if a court instructs a public office to comply with an obligation imposed by R.C. 149.43(B). R.C. 149.43(C)(3)(a)(i). Costs are also available under R.C. 149.43(C)(3)(a)(ii) if the court makes a determination described in division (C)(3)(b)(iii), which requires the court to find that the respondent acted in bad faith when the office or person voluntarily

made the public records available to the relator during the course of a mandamus action. Further, the subsection provides that there is no presumption of bad faith. *Id.* "Bad faith" generally implies something more than bad judgment or negligence. *State ex rel. McDougald v. Greene*, 163 Ohio St.3d 471, 2020-Ohio-5100, ¶ 26, quoting *State v. Tate*, 5th Dist. No. 07 CA 55, 2008-Ohio-3759, ¶ 13. It " 'imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.' " *Id.*, quoting *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148 (1962), paragraph two of the syllabus, *reversed on other grounds*, *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552 (1994), paragraph one of the syllabus. R.C. 149.43(C)(3)(b)(iii) expressly provides that bad faith may not be presumed based solely on the fact that the public office has made a record available after the mandamus complaint is filed. To prove bad faith, the party seeking fees must produce some evidence of bad faith other than the fact that the record was produced. *State ex rel. Summers v. Fox*, 164 Ohio St.3d 583, 2021-Ohio-2061, ¶ 17.

{¶ 35} In the present case, despite relator's argument that respondents consciously disregarded his request for a copy of the journal entry for eight months before it voluntarily complied with the request prior to the court ordering it to produce the record, the magistrate does not find respondents' delay was motivated by dishonest purpose, moral obliquity, or the intent to mislead or deceive, and did not constitute conscious wrongdoing or a breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. Although respondents' belief that relator was required to request a copy of the pleading from the court may have demonstrated poor judgment, a lack of legal knowledge, or a lack of adequate training, it did not rise to the level of bad faith. Thus, relator is not entitled to court costs.

{¶ 36} Accordingly, it is the magistrate's recommendation that the court deny respondents' motion for summary judgment; grant, in part, relator's motion for summary judgment, and issue a partial writ of mandamus. Relator is awarded $1,000 in statutory damages but is not awarded court costs.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.