[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Brinkman v. Toledo City School Dist. Bd. of Edn.*, Slip Opinion No. 2024-Ohio-5063.]

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5063

THE STATE EX REL. BRINKMAN *v*. BOARD OF EDUCATION OF THE TOLEDO CITY SCHOOL DISTRICT ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Brinkman v. Toledo City School Dist. Bd. of Edn.*, Slip Opinion No. 2024-Ohio-5063.]

*Mandamus—Public-records requests—Requests conveyed that relator was seeking particular records and therefore were not overbroad—School district has clear legal duty to disclose to relator all text not protected by attorney-client privilege in requested letter outlining scope, terms, and conditions of legal representation of school district in its lawsuit against State—School district failed to comply with obligation under R.C. 149.43(B) by improperly redacting from requested letter sentence not protected by attorney-client privilege, and school district delayed producing redacted copies of requested letters for more than four months—Writ granted in part and denied in part and relator awarded court costs, $1,000 in statutory damages, and reasonable attorney's fees.*

(No. 2023-1457—Submitted September 17, 2024—Decided October 24, 2024.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ. FISCHER, J., concurred in part and dissented in part and would not award court costs or statutory damages.

**Per Curiam.**

{¶ 1} In this original action, relator, Thomas E. Brinkman Jr., seeks (1) a writ of mandamus requiring respondents, the Board of Education of the Toledo City School District and Ryan Stechschulte, the district's treasurer (collectively, "the school district"), to provide unredacted copies of public records Brinkman requested, (2) statutory damages, (3) attorney's fees, and (4) court costs. We grant the writ in part and deny it in part and award Brinkman attorney's fees, court costs, and $1,000 in statutory damages.

## I. FACTS AND PROCEDURAL HISTORY

### A. The Public-Records Request

{¶ 2} In an October 2023 amended complaint, the school district sued the State of Ohio and Governor Mike DeWine in the Franklin County Court of Common Pleas, seeking injunctive relief and a declaratory judgment that certain provisions of the biennial budget bill creating the Department of Education and Workforce violated the Ohio Constitution. The school district was represented in the Franklin County case by the law firm Ulmer & Berne, L.L.P., and the Democracy Forward Foundation.

{¶ 3} Later that month, on October 16, attorney Curt C. Hartman, on behalf of an unnamed client, sent the school district an email requesting a copy of any agreement or correspondence in which the school district engaged or retained the services of Ulmer & Berne or the Democracy Forward Foundation to represent it

in the Franklin County case. In response, the school district provided records relating to another public-records request Hartman had sent it, but the school district objected to providing any of the records requested in Hartman's October 16 email on the basis that those requests were overbroad. The school district also objected to the October 16 requests on the basis that the requests asked for records that were protected by the attorney-client privilege.

### B. The Mandamus Action

{¶ 4} In November 2023, Brinkman filed his complaint in this case, requesting a writ of mandamus ordering the school district to produce the records requested in Hartman's October 16 email as well as statutory damages, attorney's fees, and court costs. Brinkman alleges that Hartman submitted the requests at issue on his behalf. On January 25, 2024, the school district offered to produce redacted versions of two letters Ulmer & Berne and the Democracy Forward Foundation sent the school district on September 29, 2023, outlining the scope, terms, and conditions of their representation of the school district in the Franklin County case (collectively, "the engagement letters") if Brinkman would voluntarily dismiss this action, but he declined the offer. On February 21, we denied the school district's motion to dismiss, ordered the school district to file an answer, and granted an alternative writ, setting a schedule for the submission of evidence and briefs. 2024-Ohio-597. We also ordered the school district to file under seal for in camera inspection the documents believed to be exempt from disclosure under the attorney-client privilege. *Id.*

{¶ 5} On February 27, the school district provided to Brinkman redacted versions of the engagement letters. Brinkman submitted the redacted letters as evidence along with an affidavit from Hartman. The school district filed unredacted versions of the letters under seal.

## II. ANALYSIS

**{¶ 6}** Mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 2006-Ohio-903, ¶ 6; R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

**{¶ 7}** To determine whether Brinkman has a clear legal right to unredacted copies of the engagement letters, we must first determine whether—as the school district argues—his requests were overbroad and whether the redacted text is protected by the attorney-client privilege.

### A. Brinkman's Requests Were Not Overbroad

**{¶ 8}** "'It is the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue.'" *State ex rel. Morgan v. New Lexington*, 2006-Ohio-6365, ¶ 29, quoting *State ex rel. Fant v. Tober*, 1993 WL 173743, *1 (8th Dist. Apr. 28, 1993). "A public office may deny a request as overbroad if the office 'cannot reasonably identify what public records are being requested.'" *State ex rel. Cleveland Assn. of Rescue Emps. v. Cleveland*, 2023-Ohio-3112, ¶ 17, quoting R.C. 149.43(B)(2).

**{¶ 9}** The only argument the school district offers in support of its position that Brinkman's requests were overbroad is that he asked for "*any agreements and correspondence* related to the retention of legal services." (Emphasis in original.) However, Brinkman's use of the word "any" does not by itself make the requests overbroad, nor did he request a complete duplication of voluminous records, because that term is limited by the remaining language of each request. *See Cleveland Assn. of Rescue Emps.* at ¶ 17, 27 (rejecting an argument that a public-records request seeking "all emails" was overbroad, because the request

nevertheless "identified the sought-after records with reasonable clarity"). The first request at issue asked for

> a copy of any agreement or correspondence whereby the Board of Education of the Toledo City School District engaged or retained the services of, or otherwise authorized services to be provided by, the law firm of Ulmer & Berne to represent the Board of Education in the lawsuit filed in Franklin County Common Pleas Court, styled *Christina Collins, et al., v. State of Ohio*, and assigned Case No. 23-CV-006611.

The second request at issue similarly requested any agreement or correspondence pertaining to the school district's engagement of the Democracy Forward Foundation.

{¶ 10} The text of the requests conveyed that Brinkman was seeking particular records—namely, the engagement letters or equivalent correspondence. This case is thus distinguishable from those in which requesters submitted open-ended requests for voluminous records. *See, e.g.*, *State ex rel. Glasgow v. Jones*, 2008-Ohio-4788, ¶ 17, 19 (rejecting as overbroad a request for broad categories of records sent and received by state representative during her entire tenure). Accordingly, we conclude that Brinkman's requests were not overbroad.

{¶ 11} The school district also argues that a writ of mandamus is not a proper remedy in this case, because Brinkman did not engage with the school district to clarify his requests after they were denied as overbroad. The school district asserts in its brief that Brinkman filed this action prematurely—that is, before satisfying the "meet-and-confer obligation of the statute." However, the requests that the school district denied were not overbroad. Rather, as explained above, the requests clearly specified the records Brinkman was seeking.

### B. Attorney-Client Privilege

#### 1. Standard for attorney-client privilege

{¶ 12} The school district has invoked the attorney-client privilege as a ground for redacting certain portions of the engagement letters. As the proponent of an exemption to the disclosure requirement of the Public Records Act, the school district must show that the redacted text falls squarely within the exemption. *See State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph two of the syllabus.

{¶ 13} R.C. 149.43(A)(1)(v) exempts from the disclosure requirement those public records whose release "is prohibited by state or federal law." The attorney-client privilege, which "covers records of communications between attorneys and their government clients pertaining to the attorneys' legal advice," *State ex rel. Lanham v. DeWine*, 2013-Ohio-199, ¶ 26, "is a state law prohibiting release of these records," *State ex rel. Nix v. Cleveland*, 1998-Ohio-290, ¶ 19. The common-law attorney-client privilege is at issue in this case instead of R.C. 2317.02(A), which provides a testimonial privilege. *See Lanham* at ¶ 26.

{¶ 14} To be covered by the attorney-client privilege, a communication does not have to contain purely legal advice; communications between a lawyer and a client that facilitate the rendition of legal services or advice are privileged. *Id*. at ¶ 29. However, the fact that an attorney has been engaged by a client and the terms of the engagement are generally not covered by the privilege. *Ex parte Martin*, 141 Ohio St. 87, 104-105 (1943); *see Lemley v. Kaiser*, 6 Ohio St.3d 258, 264 (1983) (identity of client not privileged when the identity is not "connected with and related to the matter for which the attorney had been retained").

{¶ 15} A client's voluntary disclosure of a communication protected by the common-law attorney-client privilege to a third party waives the privilege. *State ex rel. Hicks v. Fraley*, 2021-Ohio-2724, ¶ 15, 17. Here, because the school district

produced redacted versions of the engagement letters to Brinkman, it has waived the attorney-client privilege as to the unredacted text.

### 2. The school district's arguments

**{¶ 16}** The school district does not make a specific argument as to why each redacted portion of the engagement letters is covered by the attorney-client privilege. Nor does the school district assert that the engagement letters are protected in their entirety by the privilege. Instead, the school district emphasizes that communications between attorney and client as the attorney-client relationship is being formed, such as during preliminary conferences prior to the acceptance of representation, is covered by the privilege. The school district also quotes federal caselaw stating that any communication that reveals the motive of the client, litigation strategy, or specific nature of the services provided falls within the privilege. The school district then asserts that Brinkman's broad requests for any agreement or correspondence engaging either group of attorneys encompasses privileged communications that are exempt from disclosure.

### 3. The school district properly redacted the Ulmer & Berne engagement letter

**{¶ 17}** An in camera review of the Ulmer & Berne engagement letter shows that the redacted portions of the letter are protected by the attorney-client privilege. The redacted paragraph on the second page and the redacted paragraph on the third page both consist of legal advice provided by an attorney to the school district. Therefore, the school district properly redacted the Ulmer & Berne engagement letter.

### 4. One of the redactions on the Democracy Forward Foundation engagement letter was improper

**{¶ 18}** An in camera review of the Democracy Forward Foundation engagement letter does not show that the school district's redaction on page two is protected by the attorney-client privilege. With the redacted sentence italicized, the paragraph at issue reads as follows:

We provide only legal services to you in connection with this agreement. *You are not relying on us for any services other than legal services, and we are specifically not providing any business, investment, insurance, or accounting advice, or any investigation of the character or credit of persons with whom you may be dealing.* At any time before or during our representation of you, you may consult independent counsel (at your sole expense) regarding this engagement letter or related documents governing our relationship. Communications services are provided only in connection with this Matter and in accordance with the terms set forth in the below provision regarding press and marketing.

{¶ 19} The above redacted sentence consists of two independent clauses. The first independent clause of the redacted sentence, "*You are not relying on us for any services other than legal services*," is similar to the unredacted sentence preceding it. The school district has not explained why it redacted one sentence and not the other.

{¶ 20} The federal decision cited by the school district does not support a conclusion that the first independent clause of the redacted sentence is privileged. The school district quoted *Newmarkets Partners, L.L.C. v. Sal. Oppenheim Jr. & Cie., S.C.A.*, 258 F.R.D. 95, 101 (S.D.N.Y. 2009), which, in turn, quotes the opinion of the United States Court of Appeals for the Ninth Circuit in *Clarke v. Am. Commerce Natl. Bank*, 974 F.2d 127, 129 (9th Cir. 1992). A more extensive quotation from *Clarke* reads as follows:

Our decisions have recognized that the identity of the client, the amount of the fee, the identification of payment by case file name,

and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege. However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege.

(Citations omitted.) *Clarke* at 129.

{¶ 21} Although the federal decision does not bind this court, it provides helpful guidance in analyzing the school district's arguments. The statement that the school district is not relying on the foundation for any services other than legal services does not state a "particular area[] of law." In fact, the clause describes "the general purpose of the work performed"—which is not privileged—more than it describes "the specific nature of the services provided." Therefore, the school district has not met its burden of establishing that the first independent clause of the redacted sentence is protected by the attorney-client privilege.

{¶ 22} The second independent clause of the redacted sentence specifies which particular nonlegal services the foundation is not providing. The school district has not explained how the listing of nonlegal services could reveal the specific nature of the legal services the foundation is providing. Additionally, the school district did not redact the sentence concerning communications services at the end of the paragraph. Accordingly, the school district has not shown that the second independent clause of the redacted sentence is protected by the attorney-client privilege.

{¶ 23} Overall, the school district has not met its burden of establishing that the language covered by the redaction on page two of the Democracy Forward Foundation engagement letter is protected by the attorney-client privilege.

{¶ 24} However, the school district's three redactions on page three of the Democracy Forward Foundation engagement letter conceal legal advice provided by an attorney to the school district. Therefore, those sentences are protected by the attorney-client privilege and were properly redacted.

## C. Mandamus Analysis

### 1. *The mandamus claim as to the Ulmer & Berne engagement letter is moot*

{¶ 25} In general, when requested records have been provided to the relator after a mandamus action is filed in a public-records case, the action becomes moot. *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.*, 2009-Ohio-1767, ¶ 14. After we granted the alternative writ in this case, the school district provided Brinkman with a copy of the Ulmer & Berne engagement letter with proper redactions under the attorney-client privilege, as explained above. Therefore, Brinkman's request for a writ of mandamus as to the Ulmer & Berne engagement letter is moot.

{¶ 26} Brinkman's request for statutory damages pertaining to the Ulmer & Berne engagement letter is not moot. *See State ex rel. Woods v. Lawrence Cty. Sheriff's Office*, 2023-Ohio-1241, ¶ 6-7. However, Brinkman requests only a single award of statutory damages.

### 2. *Brinkman is entitled to a writ of mandamus as to the Democracy Forward Foundation engagement letter*

{¶ 27} Brinkman's mandamus claim as to the Democracy Forward Foundation engagement letter is not moot. The version of that letter that the school district provided to Brinkman contains one redaction, on page two, that was not justified by an exemption. Because Brinkman's request for the Democracy Forward Foundation engagement letter was not overbroad, Brinkman has a clear legal right to a copy of the letter with only exempt text redacted.

{¶ 28} "If a public record contains information that is exempt from the duty to permit public inspection or to copy the public record, the public office or the person

10

responsible for the public record shall make available all of the information within the public record that is not exempt." R.C. 149.43(B)(1). Accordingly, the school district has a clear legal duty to disclose to Brinkman all text in the Democracy Forward Foundation engagement letter that was not protected by the attorney-client privilege. Therefore, Brinkman is entitled to a writ of mandamus ordering the school district to provide to him a copy of the Democracy Forward Foundation engagement letter without the redaction on page two.

### D. Statutory Damages

#### 1. Brinkman is entitled to statutory damages

{¶ 29} A public-records requester shall be entitled to statutory damages if (1) he transmitted a written public-records request by hand delivery, electronic submission, or certified mail, (2) he made the request to the public office or person responsible for the requested records, (3) he fairly described the records sought, and (4) the public office failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2).

{¶ 30} Here, it is uncontested that Brinkman's attorney, Hartman, transmitted both requests by email to the public office or person responsible for the requested records. Hartman has confirmed in an affidavit that Brinkman was the client on whose behalf he had requested the records. As determined above, the requests fairly described the records sought. Accordingly, we proceed to assess whether the school district failed to comply with an obligation under R.C. 149.43(B).

{¶ 31} As discussed above, R.C. 149.43(B)(1) requires a public office to provide all of the information within a public record that is not exempt from disclosure. By improperly redacting a sentence that is not protected by the attorney-client privilege, the school district failed to comply with that obligation. Therefore, an award of statutory damages is warranted.

**{¶ 32}** Brinkman is entitled to statutory damages for an additional reason—namely, because the school district did not transmit copies of the engagement letters within a reasonable period of time. R.C. 149.43(B) requires that "upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). What constitutes a reasonable period of time "depends upon all of the pertinent facts and circumstances," including the scope of a public-records request, the volume of responsive records, and whether redactions are necessary. *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10, 12-17. For example, in a case in which a large number of murder-investigation documents needed to be carefully redacted and the public office had provided initial responses, we concluded that two months was a reasonable amount of time. *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 2017-Ohio-8988, ¶ 3-5, 59.

**{¶ 33}** The school district received Hartman's email on October 16, 2023. On January 25, 2024, the school district offered to produce the redacted versions of the engagement letters if Brinkman would voluntarily dismiss this action. After Brinkman declined, the school district did not produce redacted copies of the engagement letters until February 27, 2024—after we denied the school district's motion to dismiss and granted an alternative writ.

**{¶ 34}** The school district produced the redacted copies of the engagement letters four months, one week, and four days after Hartman emailed the public-records request on behalf of Brinkman. The school district cites no authority for the proposition that this amount of time to produce the two redacted letters was reasonable. As discussed above, Hartman's email clearly identified the records Brinkman was seeking. The engagement letters required some redaction, but only two records were involved here—unlike the numerous records involved in *Pike Cty. Coroner's Office*. And the school district, through its counsel, offered to produce

redacted copies of the engagement letters on January 25, 2024, a month before it actually produced them. These facts support the conclusion that the school district failed to transmit redacted copies of the engagement letters within a reasonable period of time.

{¶ 35} Because the school district failed to comply with these obligations under R.C. 149.43(B), Brinkman is entitled to statutory damages.

### 2. *Amount of statutory damages*

{¶ 36} "Statutory damages accrue at the rate of $100 for each business day the office failed to meet one of R.C. 149.43(B)'s obligations, beginning on the day the requester files a mandamus action, up to $1,000." *State ex rel. Horton v. Kilbane*, 2022-Ohio-205, ¶ 15, citing R.C. 149.43(C)(2).

{¶ 37} Brinkman requests $1,000 in statutory damages. Unless the school district shows that damages should not be awarded or reduced, he is entitled to the maximum $1,000 because he has still not received a copy of the Democracy Forward Foundation engagement letter without the improper redaction.

{¶ 38} The school district argues that the court either should not award statutory damages or should reduce the award under R.C. 149.43(C)(2)(a) and (b). R.C. 149.43(C)(2) authorizes a court to reduce or not award statutory damages if it determines both of the following:

> (a) [t]hat, based on the ordinary application of statutory law and case law as it existed at the time of the conduct or threatened conduct of the public office or person responsible for the requested public records that allegedly constitutes a failure to comply with an obligation in accordance with [R.C. 149.43(B)] and that was the basis of the mandamus action, a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public

office or person responsible for the requested public records did not constitute a failure to comply with an obligation in accordance with [R.C. 149.43(B)];

(b) [t]hat a well-informed public office or person responsible for the requested public records reasonably would believe that the conduct or threatened conduct of the public office or person responsible for the requested public records would serve the public policy that underlies the authority that is asserted as permitting that conduct or threatened conduct.

**{¶ 39}** Here, the school district has failed to demonstrate that a well-informed public office would believe that delaying production of redacted copies of two letters for more than four months did not constitute a failure to comply with R.C. 149.43(B). Accordingly, Brinkman is entitled to $1,000 in statutory damages.

### E. Brinkman Is Entitled to Attorney's Fees

**{¶ 40}** Brinkman also requests attorney's fees. "If the court renders a judgment that orders the public office or the person responsible for the public record to comply with [R.C. 149.43(B)] . . . the court may award reasonable attorney's fees to the relator." R.C. 149.43(C)(3)(b). Here, we are ordering the school district to comply with R.C. 149.43(B)(1) by providing Brinkman with a copy of the Democracy Forward Foundation engagement letter without the improper redaction.

**{¶ 41}** The school district argues that R.C. 149.43(C)(3)(c) prohibits us from awarding attorney's fees. We reject the school district's argument. Because we are ordering it to produce a copy of the Democracy Forward Foundation engagement letter without the improper redaction, we may award attorney's fees. As discussed above, we have declined to find that a well-informed public office responsible for the requested public records reasonably would believe that delaying production of the two redacted letters for four months was not a failure to comply

with the office's obligations under R.C. 149.43(B). And because the school district has not justified the extra one-month delay in providing the redacted letters, we conclude that an award of attorney's fees is warranted.

**{¶ 42}** Brinkman may submit an itemized application for attorney's fees in accordance with the applicable standards previously announced by this court. *See, e.g.*, *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5110, ¶ 35. The school district is entitled to respond to Brinkman's application. *Id.*

### F. Brinkman Is Entitled to Court Costs

**{¶ 43}** Finally, Brinkman requests an award of court costs. "If the court orders the public office or the person responsible for the public record to comply with [R.C. 149.43(B)], the court shall determine and award to the relator all court costs, which shall be construed as remedial and not punitive." R.C. 149.43(C)(3)(a)(i). Because we grant a writ of mandamus ordering the school district to provide Brinkman with a copy of the Democracy Forward Foundation engagement letter without the redaction on page two, he is entitled to court costs.

### III. CONCLUSION

**{¶ 44}** For the foregoing reasons, we grant a writ of mandamus ordering the school district to provide to Brinkman a copy of the Democracy Forward Foundation engagement letter without the redaction the school district made on page two, but we deny Brinkman's request for a writ of mandamus regarding the school district's other redactions to that letter or the school district's redactions to the Ulmer & Berne engagement letter. We award Brinkman court costs, $1,000 in statutory damages, and reasonable attorney's fees. Brinkman's application for attorney's fees shall be filed within 20 days.

Writ granted in part
and denied in part.

_____

The Law Firm of Curt C. Hartman and Curt C. Hartman; and Finney Law

Firm and Chrstopher P. Finney, for relator.

Marshall & Melhorn, L.L.C., Jennifer J. Dawson, Amy M. Natyshak, and Shawn A. Nelson, for respondents.

————————————