[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Alford v. Diehl*, Slip Opinion No. 2025-Ohio-2836.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-2836

THE STATE EX REL. ALFORD *v*. DIEHL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Alford v. Diehl*, Slip Opinion No. 2025-Ohio-2836.]**

*Mandamus—Public-records requests—Inmate failed to prove by clear and convincing evidence that he submitted alleged public-records requests—Writ and relator's request for statutory damages denied.*

(No. 2024-1097—Submitted April 1, 2025—Decided August 14, 2025.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} In this original action, relator, Brian Keith Alford, an inmate at Ross Correctional Institution ("RCI"), requests a writ of mandamus ordering respondent

Todd Diehl, the inspector at RCI, to provide him with copies of public records he requested. Alford also requests statutory damages. After Diehl filed an answer, we granted an alternative writ, setting a schedule for the submission of evidence and briefs. 2024-Ohio-4743. After Diehl filed his merit brief, Alford filed a motion to strike it, a motion for leave to file a revised motion to strike, and a notice to the court. For the reasons explained below, we deny Alford's motions and his requests for a writ and statutory damages.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Alford asserts that he submitted electronic and hand-delivered public-records requests to Diehl "on numerous occasions." In his complaint, Alford listed eight electronic-kite numbers and the dates that the kites were sent in 2024—namely, March 12; April 2, 8, and 24; May 17; and June 18, 20, and 21.[1] However, he did not submit a copy of those electronic kites with his petition or relate what he had written in them.

{¶ 3} Alford submitted with his petition two copies of a paper kite addressed to "INSPECTOR" and dated July 13, 2024, at the top. (Capitalization in original.) In the paper kite, Alford requested copies of numerous kites and grievances and "the results of investigations regarding theft loss reports." Next to the signature at the bottom appears both a typed date of June 3, 2024, and a handwritten date of July 13, 2024.

{¶ 4} In an affidavit, Alford asserts that Diehl "had more than enough time to provide Relator with the [d]ocuments sought and requested on 3/12/24; 4/8/24; 4/24/24; 6/18/24; and 7/13/24 electronically and by regular mail." He further attests that Diehl "never at any time provided the requested documents to Relator."

{¶ 5} Diehl attests in his own affidavit that he never received the paper kite that Alford attached to his petition. Diehl admits that in March 2024, he received

---

1. "A kite is a type of written correspondence between an inmate and prison staff." *State ex rel. Griffin v. Szoke*, 2023-Ohio-3096, ¶ 3.

from Alford several electronic kites requesting copies of kites and grievances that Alford previously sent or filed. But Diehl did not specifically mention or submit as evidence the March 12, 2024 electronic kite that Alford asserts he sent. Instead, Diehl has submitted a copy of an electronic kite Alford sent to him on March 1, 2024, and explains how he complied with that public-records request.

**{¶ 6}** Alford filed this action in August 2024. Diehl timely filed an answer. In October 2024, we granted the alternative writ. 2024-Ohio-4743. Both parties submitted evidence and briefs. After Diehl filed his merit brief, Alford filed a motion to strike it as well as a notice to the court. Diehl has filed a memorandum in opposition to Alford's motion to strike.

## II. ANALYSIS

### A. Alford's Pending Motions and Requests

#### *1. Alford's motion to strike*

**{¶ 7}** Alford moves to strike Diehl's merit brief under Rule 3.11(E)(1) of our Rules of Practice for failure to perfect timely service. Rule 3.11(E)(1) states that "[w]hen a party or amicus curiae fails to serve a party or parties to the case in accordance with division (B) of this rule, any party adversely affected may file a motion to strike the document that was not served." Alford appears to argue that he was prejudiced because he did not receive Diehl's brief in the mail in time to submit a reply brief. Alford submitted with his motion a copy of an RCI legal-mail log showing that Diehl's merit brief was delivered to RCI on November 12, 2024, and given to Alford on November 14.

**{¶ 8}** The certificate of service in Diehl's brief indicates that it was sent to Alford by U.S. mail on November 4, 2024. And Diehl submitted with his memorandum in opposition to Alford's motion to strike documentation showing that the brief was mailed to Alford on that date. Rule 3.11(C)(1) states that "[s]ervice by mail is effected by depositing the copy with the United States Postal Service for mailing." Diehl thus effected service of his brief on November 4, which

3

was before the November 7 deadline. *See* 2024-Ohio-4743. Therefore, Alford has not shown that Diehl's merit brief should be struck under Rule 3.11(E). Accordingly, we deny the motion.

### 2. Alford's notice to the court

{¶ 9} In January 2025, Alford filed a notice informing us of mail-delivery delays allegedly resulting from his admission to the infirmary for cancer treatment and from a lockdown under which RCI has been operating since December 25, 2024. Alford requests that we notify him when we rule on his motion to strike so that he can timely file his reply brief if we will allow him to file it at that point. Rule 3.11(E)(2) states that "[i]f the Supreme Court determines that service was not made as required by this rule, it may strike the document or, if the interests of justice warrant, order that the document be served and impose a new deadline for filing any responsive document." As explained above, we deny the motion to strike because Diehl properly served his brief. Accordingly, we decline to set a new deadline for Alford to file a reply brief.

### 3. Alford's motion for leave to file revised motion to strike

{¶ 10} In June 2025, after briefing was completed in this case, Alford filed a motion for leave to file a "revised motion to strike [Diehl's] brief and evidence." Alford states that he requests leave in order to more fully assert how he was prejudiced by Diehl's alleged failure to timely serve his brief. Diehl argues in opposition to Alford's motion for leave that Alford's motion is actually an attempt to file a reply to Diehl's opposition to Alford's original motion to strike, which is not permitted by our rules.

{¶ 11} As determined above, Diehl did not fail to timely serve his brief. Moreover, the revised motion Alford seeks to file contains arguments in reply to Diehl's memorandum in opposition to Alford's original motion for leave. Supreme Court Rule of Practice 4.01(B)(2) prohibits the filing of a reply to a response to a motion. Accordingly, we deny Alford's motion for leave.

4

**B. Alford Is Not Entitled to a Writ of Mandamus**

{¶ 12} "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). A writ of mandamus is an appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Wells v. Lakota Local Schools Bd. of Edn.*, 2024-Ohio-3316, ¶ 11; R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

*1. Paper kite*

{¶ 13} Alford's claims as to the June/July 2024 paper kite are inconsistent. He asserts in his petition that he hand-delivered that kite. In his affidavit, however, he attests that he submitted his public-records requests electronically and by regular mail. Additionally, although Alford claims that he submitted paper kites in both June 2024 and July 2024, he is inconsistent as to the date of the June submission—that is, whether June 3 or June 23. And the two paper kites that he submitted, both with his petition and separately as evidence, are clearly just two copies of the same document—not two separate kites that may have been submitted on different dates.

{¶ 14} Diehl attests that he never received from Alford the paper kite that Alford attached to his petition. Diehl argues that Alford has not shown that he is entitled to a writ of mandamus, because he has not shown by clear and convincing evidence that he delivered the paper kite to Diehl.

{¶ 15} A prior public-records request is a prerequisite to a mandamus action. *Strothers v. Norton*, 2012-Ohio-1007, ¶ 14. Alford's paper-kite evidence is inconsistent, and he has not submitted any evidence showing that he actually mailed or hand-delivered a paper kite to Diehl or anyone else at RCI. Accordingly, Alford has not proved by clear and convincing evidence that he submitted the

alleged public-records requests in June or July 2024. Therefore, he is not entitled to a writ of mandamus compelling Diehl to produce copies of the records requested in the paper kite that he submitted with his petition.

*2. Electronic kites*

{¶ 16} Alford's claims as to the public-records requests he submitted by electronic kite are also inconsistent. He asserts in his petition that he sent Diehl eight electronic kites containing public-records requests. In his brief, however, Alford claims that he sent six public-records requests by electronic kite. He did not submit copies of the electronic kites or relate what records he requested in them. The only evidence that Alford has submitted as to the existence of the electronic kites is his affidavit, in which he avers that "Diehl had more than enough time to provide Relator with the [d]ocuments sought and requested on 3/12/24; 4/8/24; 4/24/24; 6/18/24; and 7/13/24 electronically and by regular mail."

{¶ 17} Alford has not shown by clear and convincing evidence that he sent any of the electronic kites that he listed in his petition or in his brief. Nor has he shown that he requested public records in those kites or that Diehl failed to provide records in response to his public-records requests. Therefore, Alford is not entitled to a writ of mandamus compelling production of the records requested in the alleged electronic kites.

**C. Alford Is Not Entitled to Statutory Damages**

{¶ 18} Alford also requests statutory damages. To be entitled to statutory damages, the requester must have submitted a written public-records request by hand delivery, electronic submission, or certified mail to the public office or person responsible for the requested public records. R.C. 149.43(C)(2).[2] In this case, Alford has not shown by clear and convincing evidence that he submitted written

---

2. The General Assembly amended R.C. 149.43 in 2024 Sub.H.B. No. 265 with an effective date of April 9, 2025. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

public-records requests to Diehl or anyone else at RCI.  Therefore, he is not entitled to statutory damages.

### III.  CONCLUSION

{¶ 19} For the foregoing reasons, we deny Alford's claim for a writ of mandamus and his request for statutory damages.  We also deny Alford's motion to strike Diehl's merit brief and his motion for leave to file a revised motion to strike.

Writ denied.

_____

Brian Keith Alford, pro se.

Dave Yost, Attorney General, and Jennifer A. Driscoll, Assistant Attorney General, for respondent.

_____