**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Big Walnut Local School Dist. Bd. of Edn.*, Slip Opinion No. 2026-Ohio-532.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-532

THE STATE EX REL. AMES *v.* BIG WALNUT LOCAL SCHOOL DISTRICT BOARD OF EDUCATION.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ames v. Big Walnut Local School Dist. Bd. of Edn.*, Slip Opinion No. 2026-Ohio-532.]**

*Mandamus—Public-records requests—Writ and relator's requests for statutory damages, attorney's fees, and court costs denied.*

(No. 2024-1616—Submitted May 13, 2025—Decided February 19, 2026.)

IN MANDAMUS.

_____

The below per curiam opinion announcing the judgment of the court was joined by FISCHER, BRUNNER, and HAWKINS, JJ. DETERS, J., concurred in judgment only, with an opinion joined by DEWINE and SHANAHAN, JJ. KENNEDY, C.J., concurred in judgment only in part and dissented in part, with an opinion.

**Per Curiam Opinion announcing the judgment of the court.**

{¶ 1} In this original action, relator, Brian M. Ames, requests a writ of mandamus ordering respondent, Big Walnut Local School District Board of Education ("the school board"), to provide a copy of the original video recording of a public meeting of the school board that Ames asked for in a public-records request. Ames also requests statutory damages, attorney's fees, and court costs. For the reasons explained below, we deny Ames's mandamus claim and his requests for statutory damages, attorney's fees, and court costs.

## I. FACTS AND PROCEDURAL HISTORY

### A. The School-Board Meeting and the Technical Error

{¶ 2} Ames asserts that he made the public-records request in this case as part of an "investigation" he is conducting into whether the school board is complying with R.C. 121.22, Ohio's Open Meetings Act. His request concerns a public meeting that the school board held on April 15, 2024.

{¶ 3} In an affidavit that the Big Walnut Local School District submitted into evidence, Wayne Thompson, the school district's information-technology director, explains how video recordings of regular school-board meetings are made available on the school district's YouTube channel. According to Thompson, during regular board meetings, a computer receives video from a mounted camera and audio from a separate microphone, synchronizes the video and audio recordings, and sends a live feed to the YouTube channel. Once the live feed is stopped, it is automatically saved to the channel, where it can be viewed at any time.

{¶ 4} Thompson attests that a technical error resulted in the absence of audio in the original live stream of the April 15 meeting that was uploaded to YouTube. Due to the error, Thompson removed the original video file from public

view on the YouTube channel. Thompson asserts that he then "accidentally deleted the video file completely."

{¶ 5} A separate audio-only recording of the April 15 meeting made by a different recording device was not deleted. According to Thompson, he released this separate audio recording as a podcast on the school district's YouTube channel.

**B. Public-Records Request and Response**

{¶ 6} On November 10, 2024, Ames sent an email to J. Scott Gooding II, the interim treasurer and chief financial officer of the school board, requesting "a copy of the original unaltered video of the April 15, 2024 board meeting." On November 12, Gooding confirmed receipt of Ames's public-records request and stated that he would work to collect responsive records and would respond as soon as possible.

{¶ 7} On November 18, Gooding denied the public-records request as ambiguous, explaining that it was unclear what Ames meant by the "original unaltered video." Gooding advised Ames that Ames was permitted to revise his request to enable the school board to identify the record he was seeking. In addition, "in a good faith effort to be cooperative and responsive," Gooding provided Ames with a link to the audio recording of the April 15 meeting that was available on YouTube. Gooding also encouraged Ames to contact him with any questions or concerns.

{¶ 8} Later that day, rather than reply to Gooding, Ames filed this mandamus action.

**C. This Mandamus Action**

{¶ 9} Ames stated in his complaint that he believes that the original video recording of the school board's April 15, 2024 meeting "has been removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of in contravention of R.C. 149.351." Nevertheless, he requested a writ of mandamus

ordering the school board to provide a copy of the requested record. He also requests statutory damages, attorney's fees, and court costs.

{¶ 10} After the school board filed its answer, we granted an alternative writ, setting a schedule for the submission of evidence and briefs. 2025-Ohio-156. In Ames's merit brief, he requests that we strike two affidavits submitted by the school board.

## II. ANALYSIS

### A. Ames's Request to Strike Affidavits

{¶ 11} The school board submitted into evidence an affidavit from Gooding in addition to Thompson's affidavit. Ames did not file a motion to strike either affidavit. Instead, he requests in his merit brief that they be struck for allegedly failing to comply with the requirements of S.Ct.Prac.R. 12.06(A) (requiring that affidavits "be made on personal knowledge, setting forth facts admissible in evidence, and showing affirmatively that the affiant is competent to testify to all matters stated in the affidavit").

{¶ 12} S.Ct.Prac.R. 4.01(A)(1) requires that "[u]nless otherwise addressed by these rules, an application for an order or other relief shall be made by filing a motion. The motion shall state with particularity the grounds on which it is based." Ames's request to strike Thompson's and Gooding's affidavits was not made in a motion. Additionally, he fails to state with particularity the grounds for striking the affidavits. Therefore, we deny Ames's request to strike the affidavits. *See State ex rel. Columbia Res., Ltd. v. Lorain Cty. Bd. of Elections*, 2006-Ohio-5019, ¶ 20.

### B. Writ of Mandamus

{¶ 13} A writ of mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. *State ex rel. Wells v. Lakota Local Schools Bd. of Edn.*, 2024-Ohio-3316, ¶ 11; R.C. 149.43(C)(1)(b). To obtain the writ, "the requester must prove by clear and convincing evidence a clear legal right

4

to the record and a corresponding clear legal duty on the part of the respondent to provide it." *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10.

{¶ 14} In his merit brief, Ames states that he does not dispute the board's assertion that no records responsive to his public-records request exist. He argues that the school board improperly denied his request as ambiguous instead of denying it based on the lack of an existing responsive record. He contends that the school board did so in bad faith, to conceal its failure to retain the responsive record and the alleged improper behavior that Ames is attempting to investigate with his public-records request. He now requests a writ of mandamus ordering the school board to provide him with a truthful or good-faith response to his request.

*1. Ames has abandoned his original request for a writ of mandamus ordering the school board to produce a copy of the requested record*

{¶ 15} Ames concedes in his merit brief that the requested record does not exist. And he does not argue in his brief that he is entitled to a writ of mandamus ordering the disclosure of the record. Therefore, Ames has abandoned his request for a writ of mandamus ordering the school board to produce the record. *See State ex rel. Ohio Gen. Assembly v. Brunner*, 2007-Ohio-3780, ¶ 26, fn. 4 (declining to address request for writ of mandamus that was raised in complaint but was not specifically argued in merit brief); *see also State ex rel. Tjaden v. Geauga Cty. Bd. of Elections*, 2024-Ohio-3396, ¶ 25, fn. 6 (concluding that a party had forfeited an argument by failing to develop or advance it in his merit brief). Accordingly, we do not address Ames's original request for a writ of mandamus.

*2. Ames is not entitled to a writ of mandamus ordering the school board to provide an additional, "good faith" response to his public-records request*

{¶ 16} After the school board filed evidence indicating that the requested video recording of the April 15, 2024 board meeting does not exist, Ames changed his request for a writ of mandamus in this case. Instead of requesting an order to produce the record, he now asks that the school board be ordered to provide him

with a truthful, good-faith response to his public-records request. It appears that the "good faith" response he seeks is a denial of the request on the basis that the requested record does not exist. He argues that the Public Records Act does not allow for "a response to a public records request to be made by a pleading filed in a lawsuit." Accordingly, he contends, the school board has still not provided an adequate response to his request.

{¶ 17} The school board argues that Ames should have clarified his public-records request before filing this action. Additionally, the school board argues that Ames limited his request for relief in his complaint to a writ compelling the school board to provide access to the requested record.

{¶ 18} Although Ames has consistently alleged that the school board's response to his public-records request was inadequate, he specifically asked in his complaint only that the school board be ordered to produce a copy of the requested record. Ames cannot now obtain relief that he did not request in his complaint. *See State ex rel. Duncan v. Chambers-Smith*, 2025-Ohio-978, ¶ 17; *State ex rel. Massie v. Gahanna-Jefferson Pub. Schools Bd. of Edn.*, 1996-Ohio-47, ¶ 19 (declining to consider a claim raised in merit briefing in mandamus action because claim was not raised in complaint and the relator did not move to amend complaint).

{¶ 19} Furthermore, contrary to Ames's argument, R.C. 149.43(B)(3) generally permits a public office to assert in an action commenced under R.C. 149.43(C) additional reasons for denying a public-records request.[1] Therefore, we deny Ames's request for a writ of mandamus ordering the school board to provide an additional response denying his public-records request for a "good faith" reason.

---

1. But a public office may not assert for the first time in litigation that a public-records request was overbroad. *See State ex rel. Summers v. Fox*, 2020-Ohio-5585, ¶ 74.

## C. Statutory Damages

{¶ 20} Ames also requests statutory damages. A public-records requester shall be entitled to statutory damages if (1) he transmitted a written public-records request by hand delivery, electronic submission, or certified mail, (2) he made the request to the public office or person responsible for the requested records, (3) he fairly described the records sought, and (4) the public office failed to comply with an obligation under R.C. 149.43(B). R.C. 149.43(C)(2).[2]

{¶ 21} R.C. 149.43(B)(1) requires that "upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." Because the evidence shows that the video recording of the April 15 school-board meeting no longer exists, Ames has not shown that the school board failed to provide a copy of it to him within a reasonable period of time. Therefore, we deny his request for statutory damages.

## D. Attorney's Fees and Court Costs

{¶ 22} Ames also requests attorney's fees and court costs. Even if Ames were otherwise entitled to attorney's fees under R.C. 149.43(C)(3)(b), he is ineligible for them because he represented himself in this action and thus did not incur any attorney's fees. *See State ex rel. Huth v. Animal Welfare League of Trumbull Cty., Inc.*, 2022-Ohio-3583, ¶ 18. Accordingly, we deny his request for attorney's fees.

{¶ 23} Finally, Ames argues that he is entitled to court costs, citing R.C. 149.43(C)(3)(a)(i), under which costs must be awarded if the court orders the production of the requested record. Because we do not order the production of a record in this case, we deny Ames's request for court costs.

---

2. The General Assembly amended R.C. 149.43 in 2024 Sub.H.B. No. 265 with an effective date of April 9, 2025. This opinion applies the version of the statute enacted in 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024).

## III. CONCLUSION

**{¶ 24}** For the foregoing reasons, we deny Ames's request for a writ of mandamus and his requests for statutory damages, attorney's fees, and court costs.

Writ denied.

---

**DETERS, J., joined by DEWINE and SHANAHAN, JJ., concurring in judgment only.**

**{¶ 25}** I joined five members of the court in granting an alternative writ in this case. *See* 2025-Ohio-156. Upon further consideration, I believe Brian Ames's complaint should have been dismissed sua sponte. Ames's complaint showed on its face that he was not entitled to a writ of mandamus, so it should be dismissed. I respectfully concur in judgment only.

**{¶ 26}** Our approach to public-record mandamus actions is well-established. We recognize that "[a] writ of mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." Lead opinion, ¶ 13, citing *State ex rel. Wells v. Lakota Local Schools Bd. of Edn.*, 2024-Ohio-3316, ¶ 11, and R.C. 149.43(C)(1)(b). And in nearly every opinion, we note some version of the rule that "[t]o obtain the writ, 'the requester must prove by clear and convincing evidence a clear legal right to the record and a corresponding clear legal duty on the part of the respondent to provide it," lead opinion at ¶ 13, quoting *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶ 10. *E.g.*, *State ex rel. Brinkman v. Toledo City School Dist. Bd. of Edn.*, 2024-Ohio-5063, ¶ 6; *State ex rel. Alford v. Diehl*, 2025-Ohio-2836, ¶ 12. The relator's burden includes the burden to show clearly and convincingly that the requested record exists. *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 13.

**{¶ 27}** In this case, Ames's inability to meet his burden was evident from the face of his complaint. Ames made a single request for "a copy of the original unaltered video of the April 15, 2024 board meeting." But he states in his

complaint, "On information and belief, the original video of the Board's meeting of April 15, 2024 has been removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of in contravention of R.C. 149.351." Unlike R.C. 149.43, which provides for a mandamus action when a public office has failed to produce records "kept" by the office,[3] R.C. 149.351 provides for relief when a public office has unlawfully failed to keep records. *See Rhodes v. New Philadelphia*, 2011-Ohio-3279, ¶ 14-15. To have acted in contravention R.C. 149.351 as Ames alleged, the board must have "disposed of the [video] in violation of R.C. 149.351(A)," *Rhodes* at ¶ 16.[4]

{¶ 28} From the initiation of this action, then, Ames was asking this court to compel the Big Walnut School District Board of Education to provide a record that he believed to have been destroyed. To file a complaint in mandamus despite believing the record sought had been destroyed borders on frivolous. *See* S.Ct.Prac.R. 4.03 ("A filing is frivolous if it is not reasonably grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.").

{¶ 29} "[S]ua sponte dismissal without notice is appropriate where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *State ex rel. Fogle v. Steiner*, 1995-Ohio-278, ¶ 12. Here, Ames obviously cannot prevail on his claim. He cannot clearly and convincingly show that the board had a clear legal duty to produce a record he believes no longer exists.

---

3. R.C. 149.43(A)(1).

4. One may wonder why Ames, having cited R.C. 149.351, did not bring an action under that statute. Perhaps the reason is that unlike statutory damages under R.C. 149.43, a forfeiture under R.C. 149.351 is available only to an "aggrieved" person—that is, "a person who had made a request with the goal of accessing the public records," as opposed to the goal of obtaining the forfeiture. *Rhodes* at ¶ 24. In other words, to succeed under R.C. 149.351, Ames would have had to show that he actually had the goal of accessing the video whereas, under R.C. 149.43, he needed only to prove that it had not been produced.

{¶ 30} I regret that a majority of this court—myself included—did not see from the start that the complaint lacked merit. Because Ames obviously cannot prevail on the facts alleged in his complaint, this court should dismiss it. Because the lead opinion instead addresses the merits of the complaint, I concur in judgment only.

_____

**KENNEDY, C.J., concurring in the judgment in part and dissenting in part.**

{¶ 31} I agree with this court's judgment denying the writ of mandamus because respondent, the Big Walnut Local School District Board of Education, provided in its answer a good-faith reason for its denial of the public-records request it had received from relator, Brian M. Ames. However, I disagree with the majority's decision to deny Ames's request for an award of statutory damages, because the school board failed to provide a good-faith response until after Ames filed his mandamus complaint.

{¶ 32} Ames made a simple request under R.C. 149.43, Ohio's Public Records Act, asking the school board for "a copy of the original unaltered video of [its] April 15, 2024 board meeting." The school board denied this request, saying that it was "unclear what [Ames] mean[t] by a video being 'original' or 'unaltered.'" What is unclear is how Ames could have been clearer. No one could reasonably misunderstand this request, so the school board was not permitted to deny it as ambiguous under R.C. 149.43(B)(2). Therefore, to deny Ames's request, the school board was required to provide "an explanation, including legal authority" for the denial under R.C. 149.43(B)(3). A sham explanation, as was provided here, does not satisfy this obligation.

{¶ 33} Because the school board failed to comply with R.C. 149.43(B) for more than ten business days after Ames filed his complaint, Ames is entitled to an

award of statutory damages in the amount of $1,000. Therefore, I concur in the judgment in part and dissent in part.

## Public Records Act

{¶ 34} Under the Public Records Act, a public office or person responsible for a public record "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time," R.C. 149.43(B)(1), unless the request is "ambiguous or overly broad" such that the records custodian "cannot reasonably identify what public records are being requested," R.C. 149.43(B)(2). If the custodian cannot reasonably identify what records are being requested, then "the public office or the person responsible for the requested public record may deny the request but shall provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties." *Id.* "If a request is ultimately denied, in part or in whole, the public office or the person responsible for the requested public record shall provide the requester with an explanation, including legal authority, setting forth why the request was denied." R.C. 149.43(B)(3).

{¶ 35} These obligations are unambiguous. The public-records custodian may not simply say, "Request denied," but instead must take additional steps that are just as mandatory as the requirement to promptly produce requested records. When a public office fails to comply with these obligations, this court should compel it to.

## Ames's Public-Records Request

{¶ 36} On November 10, 2024, Ames submitted his request for "a copy of the original unaltered video of the April 15, 2024 board meeting." On November 18, the school board denied the request as "ambiguous," claiming that it was "unclear what [Ames] mean[t] by a video being 'original' or 'unaltered.'"

**{¶ 37}** The school board could have denied Ames's request under R.C. 149.43(B)(2) if it actually was ambiguous—that is, if the board could not "*reasonably* identify what public recor[d] [was] being requested." (Emphasis added.) But the school board could not have reasonably misunderstood what record Ames was seeking. "Original" and "unaltered" are commonplace words, and their meanings in this context are obvious. There is nothing ambiguous about a request for a copy of an original, unaltered video of a particular meeting that was held on a specific date. Just calling an unambiguous request unclear does not make it so. The absence of ambiguity in Ames's request means that the school board could not rely on R.C. 149.43(B)(2) to deny it.

**{¶ 38}** Even if Ames's request had been ambiguous, though, the school board was not permitted to stop there. A records custodian is not only required to allow the requester to revise his or her request, but it must do so "by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties." *Id.* But here, the school board did not provide Ames with these details. So, even if Ames's request had been ambiguous—which it wasn't—the school board still violated R.C. 149.43(B)(2). *See State ex rel. Ayers v. Sackett*, 2025-Ohio-2115, ¶ 27-29.

**{¶ 39}** Because R.C. 149.43(B)(2) does not apply, the school board could deny Ames's request only if it complied with R.C. 149.43(B)(3) by giving him "an explanation, including legal authority, setting forth why the request was denied." This statutory language does not mean that a public-records custodian may give just any explanation. The language would be meaningless if custodians were permitted to give specious reasons for their denials. An explanation is an "exposition, interpretation, [or] clarification." *Webster's Third New International Dictionary* (2002). The reason provided for the denial of a request should clarify rather than obscure the decision-making process of the records custodian, who is supposed to be a "truste[e] for the people," *State ex rel. Warren Newspapers, Inc.*

*v. Hutson*, 1994-Ohio-5, ¶ 17, citing *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland*, 38 Ohio St.3d 79, 81 (1988). The people are owed accurate, good-faith explanations when denied access to public records. "[P]ublic records are," after all, "the people's records." *Id.*

{¶ 40} R.C. 149.43(B)(3) provides that a public-records custodian is not precluded "from relying upon additional reasons or legal authority in defending" against a mandamus action to compel the production of public records. But the word "additional" in the statute presupposes that the public office already provided at least one good-faith reason for its denial. A public office is not required to give every reason it has for denying a request, but it may not wait until it has been sued to offer a valid explanation and still call its obligation met. When a records custodian fails to provide a sufficient reason in its initial denial, it has failed to comply with R.C. 149.43(B).

{¶ 41} Because the school board failed to comply with an obligation imposed by R.C. 149.43(B), Ames is entitled to an award of statutory damages.

### Statutory Damages

{¶ 42} If a requester submits a public-records request "in a manner that fairly describes the public record," then the requester is entitled to statutory damages in the amount of "one hundred dollars for each business day during which the public office . . . failed to comply with *an obligation* in accordance with [R.C. 149.43(B)], beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars." (Emphasis added.) R.C. 149.43(C)(2).[5] When a records custodian fails to provide a "statutorily sufficient explanation" for denying a records request until after a

5. The General Assembly has recently made amendments to R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025), and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2024 Sub.S.B. No. 29 (effective Oct. 24, 2024).

mandamus action has been filed, the requester is entitled to statutory damages. *State ex rel. Doe v. Smith*, 2009-Ohio-4149, ¶ 45.

{¶ 43} Here, Ames submitted to the school board a public-records request that "fairly describe[d]" the record he was seeking. This triggered the school board's duty to either provide a copy of the record within a reasonable period of time, R.C. 149.43(B)(1), deny Ames's request as initially worded and give him the opportunity to clarify it if the board could not "reasonably identify what public recor[d] [was] being requested," R.C. 149.43(B)(2), or deny the request and provide an explanation for the denial, "including legal authority," R.C. 149.43(B)(3).

{¶ 44} Because the school board violated R.C. 149.43(B) by failing to give a sufficient response to Ames's request until more than ten days after he filed his mandamus action, he is entitled to an award of $1,000 in statutory damages. *E.g.*, *State ex rel. Ware v. Smith*, 2025-Ohio-1856, ¶ 117 (Kennedy, C.J., dissenting).

{¶ 45} Under R.C. 149.43(C)(2)(a) and (b), this court may reduce the amount of statutory damages awarded if the records custodian "reasonably would believe that [its] conduct . . . did not constitute a failure to comply with an obligation" and "would serve the public policy that underlies the authority that is asserted as permitting that conduct." The school board "lacked a reasonable legal basis for failing to provide [Ames] with a written explanation for its denial before he filed his mandamus complaint," *State ex rel. Armatas v. Plain Twp. Bd. of Trustees*, 2021-Ohio-1176, ¶ 31. It does not matter if there were "'simply no responsive documents.'" *Id.* at ¶ 30, quoting and rejecting defense asserted by public office. Records custodians *must* provide a legally sufficient explanation whenever a request is denied. *See id.* So, no reduction of statutory damages is warranted here. *See id.* at ¶ 31.

## Conclusion

{¶ 46} The school board failed to properly deny Ames's request as required by the Public Records Act, so I would award him $1,000 in statutory damages.

Because the majority does otherwise, I concur in the judgment in part and dissent in part.

_____

Brian M. Ames, pro se.

McCaslin, Imbus & McCaslin and Bernard W. Wharton, for respondent.

_____